IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                      ORDER

v.

                                    15-cv-371-wmc

SPECTRUM BRANDS, INC.,

                Defendant.

---

Following the court's order entering judgment in favor of the United States, which included both a civil penalty and a permanent injunction (*see* dkt. ##234, 235), defendant Spectrum Brands moved for a partial stay pending appeal and filed a supporting memorandum (dkt. ##236, 237). Specifically, defendant seeks relief from the civil penalty for failure to report timely and from the permanent injunction. (*See* dkt. #236 at 1-2.) As discussed below, this motion will be GRANTED IN PART AND DENIED IN PART.

    **A. Civil Penalty**

On October 3, 2017, the court entered judgment against defendant, including $1,936,675 in civil damages. (Dkt. #235 at 1.) Of this amount, Spectrum indicates an intention to appeal only from the $821,675 attributable to its failure to report timely. (*See* dkt. #236 at 1-2.) The government does not oppose this request, nor the request that this stay be without bond. (*See* dkt. #239 at 4.) Based on Spectrum's representations and the government's response, the court previously entered an order staying this portion of the judgment until the court could enter an order addressing the entirety of Spectrum's post-judgment motion. (Dkt. #238.)

Given that there is no opposition from the government and the parties agreement that "Spectrum is a large, global company . . . that had net sales of $5 billion in fiscal year 2016" (dkt. #234 at 9), the court will now continue to stay that portion of the civil damages judgment relating to defendant's failure to report timely pending appeal without requiring a supersedeas bond. *See Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1989) (summarizing factors a district court may examine under Rule 62(d) in deciding whether to waive the supersedeas bond requirement, including "whether 'the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money'" (quoting *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)); *see also In re Carlson*, 224 F.3d 716, 719 (7th Cir. 2000) ("The district court has the discretion to waive this [bond-posting] requirement, but waiver is appropriate only if the appellant has a clearly demonstrated ability to satisfy the judgment in the event the appeal is unsuccessful and there is no other concern that the appellee's rights will be compromised by a failure adequately to secure the judgment." (citing *Dillon*, 866 F.2d at 904-05; *NIPSCO v. Carbon Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986))). As Spectrum acknowledges, should the Seventh Circuit rule against it, Spectrum will be responsible for this remaining payment of $821,675 penalty plus interest. (Dkt. #236 at 2.)

**B. Permanent Injunction**

Spectrum also seeks a stay of this court's permanent injunction, sans ¶ B, with which it reports having already complied. (*See* dkt. #236 at 2.) Unlike the request for a stay of the civil penalty associated with the failure to timely report, the government opposes this request.

In support, Spectrum revives two arguments that the court rejected at summary judgment: that the Consumer Product Safety Act ("CPSA") did not authorize prospective injunctive relief; and that the government's claim of late reporting is barred by the statute of limitations. (*See* dkt. #237 at 8-9, 12; dkt. #196 at 49-54, 34-39.) Having already rejected both, the court declines to devote further time and ink to these arguments. The court will, however, address defendant's other two arguments: that the injunction is an "obey-the-law" injunction and that an injunction is unwarranted. (*See* dkt. #237 at 9-11.) Defendant's arguments boil down to an assertion that the injunction is vague -- such that it is not properly tailored to the facts of the case -- and overbroad -- such that it requires Spectrum to "maintain sufficient systems, programs, and internal controls to ensure compliance with the CPSA and the regulations enforced by the [Consumer Product Safety Commission ('CPSC')]" (dkt. #235 at 1) and "implement appropriate improvements . . . within 6 months" at which time, it "shall file with this court a notice indicating that improvements have been implemented to avoid a repetition of the violations discussed" in the court's order (*id.* at 2). Spectrum asserts that it has already improved its compliance procedures, such that it believes they "are sufficient to prevent any future reporting violations or sales of recalled products" (dkt. #237 at 14), but expresses concern that the reforms might not meet with the court's or government's approval, thereby inducing it to undertake additional unnecessary measures to comply with the injunction (*id.*).

As the government correctly points out, Spectrum can seek clarification from the court regarding compliance with the permanent injunction. (Dkt. #239 at 11; *see also* dkt. #235 at 2.) The court will, however, address Spectrum's request as if it were just such a

motion.[1]

In crafting the permanent injunction (*see* dkt. #235 at 1-2, dkt. #234 at 22-23), the court intentionally attempted to avoid a detailed, point-by-point implementation guide, such as that set forth in the government's proposal (*see* dkt. #202-1 at 4-7).[2] In doing so, the court recognized both that such detail may exceed that necessary to ensure compliance with the CPSA and the CPSC's regulations and that there is likely more than one way to improve Spectrum's compliance program. As a result, the court may have gone too far in the opposite direction, falling short of what was required under Rule 65(d)(1)(B) & (C). The court will, therefore, direct Spectrum to provide written notice within 21 days detailing what specific improvements it has already made to its program to ensure compliance with the CPSA and CPSC regulations. The government will then have 14 days to indicate its agreement or identify any shortcomings and propose specific alternative improvements. Enforcement of the remainder of the permanent injunction (dkt. #235 at 1-2) will be stayed until the court modifies its language.

---

[1] Alternatively, the court has the authority under Fed. R. Civ. P. 59(e) and 60(b)(4) to amend or grant relief from a judgment contrary to law or otherwise void.

[2] As the government acknowledges, "[o]nly Spectrum, with its knowledge of company personnel, practices, and capabilities, is in a position to formulate the details of [a robust CPSA compliance] safety program." (Dkt. #239 at 11.)

ORDER

IT IS ORDERED that:

1) Defendant's motion for a partial stay of the judgment pending appeal is GRANTED IN PART AND DENIED IN PART.

2) The court will STAY without bond the failure to report portion of the civil liability penalty pending appeal.

3) No later than December 4, 2017, defendant is to provide written notice to the court of the specific improvements it has made to its compliance program. The government may have until December 18, 2017, to respond regarding the adequacy of these improvements as set forth above. The court will then reconsider the sufficiency of the permanent injunction under Rule 65(d)(1)(B) & (C), and modify it accordingly.

4) The permanent injunction, except ¶ B (dkt. #235 at 1-2), will be stayed until further order of this court.

Entered this 13th day of November, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge