IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                        Plaintiff,                     AMENDED FINAL
                                                            JUDGMENT

v.

                                                                   15-cv-371-wmc

SPECTRUM BRANDS,

                        Defendant.

This action came for consideration before the court with U.S. District Judge William M. Conley presiding. The issues have bene considered on summary judgment, at a bench trial, and in post-trial briefing. The following decision has been rendered.

IT IS ORDERED AND ADJUDGED that final judgment is entered in favor of plaintiff United States of America against defendant Spectrum Brands. Unless paid already, defendant is directed to pay civil penalties to plaintiff, the United States of America, in the amount of $1,936,675.00 on or before October 30, 2017. This amount represents a civil penalty owed to the United States pursuant to 15 U.S.C. § 2069 and is not compensation for actual pecuniary loss and, therefore is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

No interest shall accrue on the ordered payment if timely made. In the event of any default in payment, the entire unpaid amount shall constitute a debt due and immediately owing to plaintiff and post-judgment interest shall be assessed from the date of this order until payment is made as set forth in 28 U.S.C. § 1961.

IT IS FURTHER ORDERED AND ADJUDGED that a Permanent Injunction pursuant to Federal Rule of Civil Procedure 65 is ENTERED under the following terms

and conditions:

    A. Defendant shall maintain sufficient systems, programs, and internal controls to ensure compliance with the CPSA and the regulations enforced by the CPSC including, without limitation, the section 15(b) reporting requirement under 15 U.S.C. §§ 2064(b)(3)-4) and the prohibition of the sale of recalled products under 15 U.S.C. §§ 2068(a)(2)(B).

    B. Defendant shall, on or before October 13, 2017, disseminate copies of both the civil penalty and summary judgment opinions and orders (dkt. ##196, 234) by personal service or certified mail to each of its directors, officers, management-level employees, and in-house attorneys involved in the sale, offering for sale, manufacture, distribution in commerce, or importation into the United States of "consumer products" as defined in the CPSA, 15 U.S.C. § 2052(a)(5) (collectively "Associated Persons").

    C. Defendant shall implement improvements to its compliance programs as required under subsection A as follows:

        1. Maintain the position of Senior Director, Global Quality (or its equivalent) with qualifications and authority to monitor (and if necessary, enhance) Spectrum's policies to ensure future product quality and safety;

        2. Regularly track product safety information, including product return rates, call center data, and product "star" ratings by consumers on various websites, and evaluate that information to determine whether issues are

being identified and appropriately handled;

3. Document calls and written communications regarding potential and actual incidents and injury information, collect products that are the subject of reports by consumers or retail partners of potential safety issues, analyze those products and bring the results of any such analysis to the attention of Spectrum's Senior Director, Global Quality (or its equivalent), and others as appropriate, to determine whether Spectrum has a reporting obligation to the CPSC;

4. Implement a formal "Request for Corrective Action" procedure whereby quality engineers and product safety managers can make a request to change a product based on various factors, including consumer complaints and incidents;

5. Maintain a "Product Hold Process" (or its equivalent) through which the manufacture and distribution of products can be placed on hold for design issues, manufacturing issues, performance issues, and safety issues, including any and all such products that may be returned to Spectrum by a warehouse, distributor, customer or otherwise to prevent the sale of recalled products;

6. Ensure compliance training of responsible employees on CPSA and/or CPSC regulations, particularly with respect to section 15(b)'s reporting requirement under 15 U.S.C. § 2064(b)(3)-(4) and the prohibition of the sale of recalled products under 15 U.S.C. § 2068(a)(2)(B); and

7. Shall retain, at its own expense, an independent expert, who by reason of background, training and education is qualified to assist in reviewing and recommending changes, if necessary, to Spectrum's comprehensive safety program for CPSA compliance, with particular emphasis on compliance with the section 15(b) reporting requirement and procedures necessary to prevent the sale of recalled products.
   a. The parties may have 90 days to agree upon an independent expert, or if the parties cannot reach agreement, for each party to designate one expert with whom the court will consult to identify a neutral expert.
   b. Following the retention of the neutral expert and that expert's review, Spectrum shall have 120 days to implement the recommendations made by that expert in good faith, unless within 30 days of receiving a recommendation, Spectrum files a written challenge in this court on the basis that it is unreasonable (in timeframe or otherwise) or overreaches the number or severity of defendant's past violations of the CPSA, in which case Spectrum need only implement that recommendation by further order of this court.
8. Compliance with ¶¶ 1–7 shall be deemed good faith compliance with this permanent injunction.

D. Unlike paragraphs 1-6 above, implementation of paragraph 7 would go beyond

the status quo, as paragraph 7 requires Spectrum to do more than simply maintain the status quo. As such, the court will continue to stay enforcement of that paragraph pending appeal or expiration of the time to appeal, whichever is later. Additionally, the court stays enforcement of the $821,675 civil liability attributable to Spectrum's failure to report.

E. This court will retain jurisdiction of this action for the purposes of construing, enforcing, or modifying this order and granting such additional relief as may be necessary or appropriate.

F. The United States may seek reasonable costs and attorney's fees upon succeeding in a suit to enforce this order.

Approved as to form this 6th day of April, 2018.

_____
William M. Conley, District Judge

_____
Peter Oppeneer, Clerk of Court

4/9/18
Date